UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OWEN GARDNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　　Defendants. | No.  1:24-cv-00933-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant complaint on August 12, 2024.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Within the complaint, Plaintiff seeks a temporary restraining order to protect disabled inmates, such as himself.[1]  (Compl. at 8-12.)

## I.

## LEGAL STANDARD

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy

---

[1] By way of separate order, the Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

1

1  Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a
2  party officially, and is required to take action in that capacity, only upon service of summons or
3  other authority-asserting measure stating the time within which the party serve must appear to
4  defend.). Furthermore, the pendency of this action does not give the Court jurisdiction over prison
5  officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v.
6  United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
7  in this action and to the viable legal claims upon which this action is proceeding. Summers, 555
8  U.S. at 491−93; Mayfield, 599 F.3d at 969.

9        A temporary restraining order is an extraordinary measure of relief that a federal court
10  may impose without notice to the adverse party if, in an affidavit or verified complaint, the
11  moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result
12  to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).
13  The standard for issuing a temporary restraining order is essentially the same as that for issuing a
14  preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7
15  (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is
16  "substantially identical").

17        "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter
18  v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a
19  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
20  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
21  favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction
22  may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation
23  omitted). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible,
24  in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d
25  1127, 1131 (9th Cir. 2011).

26        Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
27  Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly
28  drawn, extends no further than necessary to correct the violation of the Federal right, and is the

least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.
## DISCUSSION

In his complaint, Plaintiff seeks a temporary restraining order, ordering correctional official[s] to stop using Building (3), Section (C), as ori[e]ntation section, and to house prisoners on ori[e]ntation status in cells until they are screed by a Classification Committee in order to determine whether or they [sic] can safely program and are not a threat to the safety and security of anyone."  (ECF No. 1, Compl., at 9.)

Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order and/or preliminary injunction. First, Plaintiff filed this request within the complaint and no defendant has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. See Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc., 526 U.S. at 350.  Second, as stated in a separate order, the Court has screened Plaintiff's complaint and found that he failed to state any cognizable claims which § 1983 relief can be granted. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying injunctive relief, any likelihood of success on the merits of his claims. Winter, 555 U.S. at 20.  Accordingly, Plaintiff's motion for a temporary restraining order should be denied.

## III.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for a temporary restraining order (ECF No. 1) should be denied.

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 11, 2024**

UNITED STATES MAGISTRATE JUDGE